## D. Brewster Bumper Corporation v. Irwin Savings and Trust Company

*David R. Gold,* for plaintiff.
*William F. Caruthers,* for defendant.

SCULCO, J., November 20, 1967.—In June of 1966, plaintiff was a corporation engaged in business in the Irwin, Westmoreland County, area. Plaintiff maintained a checking account with defendant bank, and on June 16, 1966, drew a check against the account in the amount of $1,941.33, made payable to Eger Leasing Company. On June 20, 1966, plaintiff directed defendant bank to stop payment on said check. Notwithstanding, and contrary to plaintiff's stop payment order, defendant honored and paid the sum of $1,941.33 to the Eger Leasing Company, upon presentment of the check. Plaintiff made repeated demands upon defendant to credit its account in the amount of the check, which defendant refused to do. Plaintiff then filed suit against defendant in trespass for negligence and conversion. Defendant answered and alleged in new matter that plaintiff had benefited from payment of the check to the extent that its obligation to the payee was extinguished. Plaintiff replied to the new matter denying the benefit. Both parties filed motions for judgment on the pleadings which are now before this court.

Notwithstanding that plaintiff has filed his action in trespass rather than in assumpsit, we believe that the questions raised by the pleadings before us are governed by article 4 of the Uniform Commercial Code of April 6, 1953, P. L. 3, which establishes a comprehensive and uniform set of rules governing the relationship between a bank and its customer. Section 4-403 of the code provides that a customer may by order to his bank stop payment of any item payable for his account. The section also provides that the burden of establishing the fact and amount of loss resulting from the payment of any item contrary to a binding stop payment order is on the customer or, in this instance, plaintiff. Section 4-407 of the Com-

mercial Code provides that where a payor bank pays an item over a stop payment order, it is subrogated to the rights of the payee of the item against the maker either on the item or under the transaction out of which the item arose, and of any holder in due course of the item against the maker.

The most enlightened explanation of the meaning of the above sections of the code is to be found in comment 8 to section 4-403. It is clearly pointed out there that a payment in violation of an effective direction to stop payment is an improper payment and the bank is prima facie liable to its customer. The drawee who has made the improper payment, however, is by virtue of section 4-407 subrogated to the rights of the payee, holder in due course to whom the maker of the instrument would have remained liable if payment had been stopped as requested. Any defenses available against the payee remain available to the maker of the instrument, but other defenses are cut off, to the same extent as if the payee himself were bringing the action.

Plaintiff herein claims that it did not benefit from payment of the check by the defendant bank because, at the time of the payment, plaintiff was insolvent, and payment of the check constituted a preferential payment to one unsecured creditor to the prejudice of all other secured and unsecured creditors of plaintiff. That may very well be the case, but it is not, in our opinion, the decisive issue. As stated above, section 4-407 of the commercial code subrogates defendant herein to the rights of the payee, the Eger Leasing Company. There is no indication from the pleadings before us that Eger was anything other than a holder in due course whose right can be defeated only by the defenses enumerated in section 3-305 of the code.

Plaintiff finally seeks to take the case out of the Commercial Code by alleging that defendant willfully

and deliberately paid the check knowing of the stop payment order. This was denied by defendant. It is plaintiff's contention that by virtue of comment 8 to section 4-403, defendant is subrogated only to the extent that it can show, "unjust enrichment" and that under the law of "unjust enrichment" one who officiously confers a benefit upon another is not entitled to restitution thereon. Plaintiff's undue reliance on the word, "unjust enrichment" contained in comment 8 ignores all of the language in that comment which follows it and which show that the drawee-bank is subrogated to the rights of the holder in due course against the maker.

It is, therefore, our opinion that the Uniform Commercial Code is the law which governs the case before us, and that regardless of whether defendant's wrongful payment of plaintiff's check was intentional or merely negligent, the only things which plaintiff herein can raise to defeat defendant's claim of subrogation are those which could be raised against Eger Leasing Company, the payee.

For that reason, we must dismiss plaintiff's motion for judgment on the pleadings.

Defendant's motion for the same is dismissed so that plaintiff may be given the opportunity to raise such issues if they exist.

### Order

And now, November 20, 1967, after due and careful consideration and for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that plaintiff's motion for judgment on the pleadings and defendant's motion for judgment on the pleadings are dismissed.